# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12cv336

| | |
|---|---|
| STEVE COOKSEY, | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| MICHELLE FUTRELL, *et al.*, | ) |
| Defendants. | ) |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

I.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985);

-1-

Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After construing the allegations of plaintiff's Complaint in a light most favorable to plaintiff and accurately reviewing and summarizing current case law on Article III standing, M&R (#24), p. 4-5, the magistrate judge concluded that plaintiff lacked standing as he had failed to allege that he has suffered an injury in fact traceable to defendants' conduct. Further, the magistrate judge determined that the Board made no formal determination concerning whether plaintiff's conduct constituted the unlicensed practice of dietetics/nutrition, and that plaintiff merely received "informal guidance from a Board committee and the executive director based on their review of his website." Id., p. 5. Further, the magistrate judge determined that plaintiff had alleged that he voluntarily removed parts of his website which the state board found problematic. Id. Significantly, the magistrate judge found that there was no evidence that plaintiff was ordered to comply, and that nothing plaintiff received from the state board "suggested any limitation on his expression of his opinions." Id. The magistrate judge concluded that plaintiff had even acknowledged that the "general thrust" of the comments he received from the state board indicated "he could express his opinions about dietary matters but could not perform individualized personal assessments or counseling." Id., p. 6 (citation omitted).

The magistrate judge then concluded that prior to bringing this action, plaintiff failed to avail himself of a North Carolina law which specifically obligates a licensing agency or board to provide a declaratory ruling on the applicability of any statute it administers upon request. N.C. Gen. Stat. § 150B-4. Id. The magistrate judge found that the state board
> did not take, or even threaten, any formal action in response to the complaint

>lodged against Plaintiff, and he expressed no objections to the comments or guidelines he received before filing this lawsuit. Plaintiff voluntarily complied with the suggestions made by the Complaint Committee and removed parts of his website that were problematic.

Id. Based on such finding, the magistrate judge determined that plaintiff had not suffered an injury in fact and did not have Article III standing. Id. This court notes at the outset that the magistrate judge's recommendation is fully consistent with the undersigned earlier Order denying plaintiff's request for a preliminary injunction, wherein the court questioned plaintiff's standing.

II.

Plaintiff objects to the Memorandum and Recommendation on the following grounds:

I. That it was plain error of law for the magistrate judge to conclude that because the state board issued no formal decision in this case, there can be no injury; and

II. That the magistrate judge improperly concluded that plaintiff's failure to avail himself of additional administrative process indicated that either plaintiff had wrongfully failed to exhaust administrative remedies or that his claims were not yet ripe.

Each assignment of error will be addressed *seriatim*.

III.

A.

Plaintiff's first objection is that it was plain error for the magistrate judge to conclude that because the state board issued no formal decision, there could be no injury. As the undersigned recognized in its own Order and as found by the magistrate judge in the M&R, plaintiff volunteered to remove parts of his website that the state board's executive director identified as being areas of concern. The record before the court is devoid of any evidence or even an allegation that the state board made a formal determination on whether plaintiff violated the Dietetics/Nutrition Practice Act, N.C. Gen. Stat. § 90-350, *et seq.* Act, took or

-3-

threatened any formal action in response to the complaint lodged against plaintiff, or ordered compliance in any way. Indeed, there is no evidence or allegation that the state board or its executive director referred the complaint to a district attorney for prosecution. See N.C.Gen. Stat. § 90-366.

Inasmuch as plaintiff was not subjected to any actual or imminent enforcement of the Act, he lacks Article III standing. Article III of the United States Constitution "confines the federal courts to adjudicating actual 'cases' and 'controversies.'" Allen v. Wright, 468 U.S. 737, 750 (1984). "Doctrines like standing [and] ... ripeness are simply subsets of Article III's command that the courts resolve disputes, rather than emit random advice." Bryant v. Cheney, 924 F.2d 525, 529 (4th Cir.1991). Standing concerns "whether the plaintiff is the proper party to bring th[e] suit...." Raines v. Byrd, 521 U.S. 811, 818 (1997). The "central purpose of the standing requirement [is] to ensure that the parties before the court have a concrete interest in the outcome of the proceedings such that they can be expected to frame the issues properly." ProEnglish v. Bush, 70 F. App'x 84, 87 (4th Cir. 2003)(citation and corresponding quotation marks omitted). The party invoking federal jurisdiction must show that:

(1) he has suffered an injury in fact;

(2) the injury is fairly traceable to the defendants' actions; and

(3) it is likely, and not merely speculative, that the injury will be redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Clearly, voluntarily removing parts of one's website in response to an inquiry from a state licensing board is not a sufficient injury to invoke Article III standing. The court will, therefore, overrule the first objection.

B.

Plaintiff next contends that the magistrate judge improperly determined that he must first seek a declaratory ruling by initiating a state administrative proceeding under state law to have standing. Plaintiff has read too much into the magistrate judge's recommendation, inasmuch as the magistrate judge only cited plaintiff's failure to request an a declaratory ruling under N.C.Gen.Stat. § 150B-4(a), not the administrative remedies available under N.C. Gen. Stat. § 150B-22 and N.C. Gen. Stat. § 150B-23(a), which provide for administrative proceedings and contested cases.

By failing to request a declaratory ruling, this court has before it no formal administrative action with which to begin its inquiry. Not only would the lack of a formal decision require the court to speculate as to what action the state board may have taken to enforce state law, it forms the shakiest of foundations for this court to determine whether state laws or state regulations violate protections afforded under the First Amendment to the United States Constitution. While plaintiff contends that the magistrate judge failed to even acknowledge "the First Amendment's chilling doctrine," Objections (#28), the magistrate judge specifically found, as follows:

> Significantly, neither the formal guidelines sent to Plaintiff as an email attachment nor [the Executive Director's] comments suggested any limitation on his expression of his opinions . . . . the "general thrust" of the comments was that he could express his opinions about dietary matters but could not perform individualized personal assessments or counseling.

M&R (#24), at 5-6. Such determination is fully consistent with the earlier Order issued by the undersigned that "[b]ecause the speech at issue is restricted as a professional regulation, it must only withstand a rational-basis test . . . ." Order (# 21), p. 6. Such objection will, therefore, be overruled.

IV.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#24) is **AFFIRMED,** defendants' Motion to Dismiss Plaintiff's Complaint (#19) is **GRANTED,** and this action is, hereby, **DISMISSED** without prejudice for lack of standing.

The Clerk is directed to enter Judgment in accordance with this Order.

Signed: October 5, 2012

Max O. Cogburn Jr.
United States District Judge